UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

MIGUEL LIRANZO,

               Plaintiff,

v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY

               Defendant.
-------------------------------------------------------x

NOT FOR PUBLICATION
MEMORANDUM AND ORDER

07-CV-5074 (CBA)

AMON, United States District Judge.

I.    Background

Miguel Liranzo ("Liranzo" or "plaintiff") applied for Supplemental Security Income ("SSI") on December 22, 2005, alleging disability beginning July 1, 2005. (Ad. Tr.[1] 13.) Liranzo's claim was initially denied on February 23, 2006. (Id.) Subsequently, Liranzo filed a timely hearing request, and on June 5, 2007, Administrative Law Judge Dennis O'Leary issued a decision denying Liranzo's claim for SSI. (Id. at 10-23.) Liranzo requested Appeals Council review, which the Appeals Council denied via a letter dated August 18, 2007, that was mailed to Liranzo at his home address, 53 Harman Street, 2nd floor, Brooklyn, NY 11221. (Id. at 3-5.)

Liranzo alleges he never received the letter notification from the Appeals Council. (See Pl. Aff. Feb. 6, 2009.[2]) As a result, Liranzo claims that in early November 2007 he went to the Social Security Administration ("SSA") office at Myrtle Avenue in Brooklyn to inquire about the status of his case. (See Liranzo Decl. Dec. 2, 2009,[3] ¶ 3.) Approximately two weeks later,

---

[1] "Ad. Tr." refers to the Administrative Transcript that was filed with the Court on March 4, 2009 as DE 14.
[2] "Pl. Aff. Feb. 6, 2009" refers to "Plaintiff's Affirmation in Opposition to Defendant's Motion," dated February 6, 2009, filed with the Court attached to DE 11.
[3] "Liranzo Decl. Dec. 2, 2009" refers to the "Corrected Declaration of Miguel Liranzo in Further Support of His February 6, 2009 Motion for an Extension of Time to File his Complaint and in Opposition to The Commissioner's

1

Liranzo claims he received a letter dated November 15, 2007 from the SSA which specifically referenced his request for information and gave him the status of his case. (Id.) Liranzo then returned to the SSA office, where he was advised that in order to challenge the Appeals Council's determination, he would have to appeal to the United States District Court for the Eastern District of New York. (Id.) Liranzo, initially proceeding pro se, filed his complaint with the clerk of this Court on November 29, 2007. On April 21, 2009, the Court ordered the Clerk of the Court to appoint pro bono counsel for Liranzo.

Before the Court is Defendant Commissioner's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that plaintiff's complaint is untimely. For the reasons stated herein, the Court grants defendant's motion to dismiss.

II. Discussion

### A. Presumption of Receipt

The statutory deadline for filing a civil action after final rejection of a SSI claim is outlined in 42 U.S.C. § 405(g)-(h). The statute provides that appeals to the district court from final decisions of the Appeals Council must be made "within sixty days after the mailing. . . of notice of such decision or within such further time as the Secretary may allow." 42 U.S.C. § 405(g). Because the sixty-day limitations period is a condition to the government's waiver of sovereign immunity, the limitations period must be strictly construed. Bowen v. City of New York, 476 U.S. 467, 479 (1986).

The regulation interpreting this statute further provides that the appeal "must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council is received. . ." 20 C.F.R. § 422.210(c). Thus, "rather than commencing on the date notice

---

March 4, 2009 Motion to Dismiss," filed with the Court on December 4, 2009 as DE 31.

of decision is <u>mailed</u> to the claimant, the sixty day period starts from the time notice is <u>received</u> by the claimant." Matsibekker v. Heckler, 738 F.2d 79, 81 (2d Cir. 1984) (emphasis in original). The date of receipt is "presumed" to be five days after the date of the notice, absent a "reasonable showing" to the contrary. 20 C.F.R. § 422.210(c); <u>Id.</u> Only when a claimant successfully rebuts the presumption with a "reasonable showing" that he received notice of decision after five days, the burden shifts to the Commissioner of Social Security to establish that the claimant received actual notice. See Matsibekker, 738 F.2d at 81.

According to the regulations, Liranzo is presumed to have received notice of the Appeals Council's decision on August 23, 2007, five days after August 18, 2007, the date of the decision. 20 C.F.R. § 422.210(c). Any request for federal review would have had to be filed in district court by October 23, 2007, 60 days after receipt. The Clerk of the Court for the Eastern District of New York docketed Liranzo's Complaint on November 29, 2007,[4] and thus, unless Liranzo rebuts the presumption that he received the notice on August 23, 2007, his complaint must be deemed untimely.

To rebut the presumption, Liranzo alleges that he did not receive the Appeals Council's notice because his mailbox is "located outside of the premises" and is "prey by the vandals in a low-income community," and his "physical condition preclude[d] [him] from retrieving mail everyday because [he] live[s] on a second floor and climbing stairs is very excruciating." (Pl. Aff. Feb. 6, 2009.) However, "a plaintiff must do more than merely assert that he did not receive the notice within five days... Rather, a plaintiff must present some affirmative evidence indicating that the actual receipt occurred more than five days after issuance." Guinyard v. Apfel, 2000 WL 297165,

---

[4] The pertinent filing date for a <u>pro se</u> plaintiff who is proceeding <u>in forma pauperis</u> is the date of receipt by the Pro Se Clerk. Tolliver v. County of Sullivan, 841 F.2d 41, 42 (2d Cir. 1988).

3

at *4 (S.D.N.Y. Mar. 22, 2000) (holding that "[plaintiff's] bare assertion that the notice arrived over months late in a damaged condition. . . [fell] short of the 'reasonable showing' necessary to overcome the presumption. . . ."); see also Marte v. Apfel, 1998 WL 292358, at *2 (S.D.N.Y. June 3, 1998) (finding that plaintiff's unsubstantiated affidavit "cannot provide a substitute for a more concrete showing that the plaintiff or her attorney actually did not receive the Secretary's notice within five days of the date of mailing"); Malavolta v. Commission of Social Security, 2009 WL 1097275, at *4 (S.D.N.Y. Apr. 23, 2009) (holding that plaintiff's "bare assertion that he did not receive the Appeals Council decision until two months after the date of the decision" was insufficient to rebut the presumption that he received the letter within five days of the date of the decision). Plaintiff's mere self-serving assertion that he did not receive the Appeals Council's notice is insufficient to rebut the presumption of receipt of the letter within five days of its date. Moreover, plaintiff's affidavit alleging that he did not receive the notice is directly contradicted by information that he filed with the Court in his Complaint.[5] See Compl. at 2, ¶ 8 (indicating, in plaintiff's own handwriting that "plaintiff received [the Appeals Council's] letter on 8/22/07").

The facts of the present case are distinguishable from those where courts in this Circuit have found a "reasonable showing" to rebut the presumption. In Matsibekker v. Heckler, the claimant alleged non-receipt within the presumed five days, but was also able to prove that the notice had not actually been mailed until seven days after its date. 738 F.2d 79, 81-82 (2d Cir. 1984). Similarly, in Dobbs v. Heckler, the plaintiff alleged more than a mere assertion of non-receipt; he provided evidence that he may have moved to a new address at the time the notice was mailed and proof of detrimental reliance on the government's ambiguous "Confidential Social Security Benefit Information" form. 1985 WL 71754 (E.D.N.Y. July 1, 1985). And in Chiappa v.

---

[5] The Court also notes that when questioned at oral argument, counsel could neither explain the reason for this contradiction, nor why Liranzo wrote "8/22/07" in his Complaint as the date when he received the Appeal's Council's letter.

4

Califano, plaintiff's affidavit explained that he had sold his house and was living temporarily at a different location at the time of the notice's date, and his story was corroborated by a notation on the notice itself of his forwarding address information and an affidavit from a railroad clerk who had forwarded the notice. 480 F.Supp. 856 (S.D.N.Y. 1979). In the instant case, Liranzo has not substantiated his mere assertion of non-receipt with additional affirmative evidence to make a "reasonable showing" to rebut the presumption. In fact, as noted, his claim is directly contradicted by his Complaint in which he admits receipt of the letter on 8/22/07.

### B. Equitable Tolling

The principle of equitable tolling may excuse a claimant's failure to file his complaint on time. Bowen, 476 U.S. at 478. The plaintiff bears the burden of persuasion to show that tolling is justified. See, e.g., Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000). A late-filing plaintiff seeking equitable tolling must prove two things. First, "extraordinary circumstances" must have prevented the party from filing on time. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (citing Johnson v. Nyack Hospital, 86 F.3d 8, 12 (2d Cir. 1996)). This requires demonstrating both the existence of extraordinary circumstances and a "causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of [the] filing." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000). Second, the plaintiff must have acted with "reasonable diligence" in pursuing his application during the period he seeks to toll. Johnson, 86 F.3d at 1; see also Torres v. Barnhart, 417 F.3d 276, 279 (2d Cir. 2005) (finding that a plaintiff must demonstrate "both extraordinary circumstances and due diligence").

District courts may toll the section 405(g) time limitation when "the equities in favor of tolling the limitations period 'are so great that deference to the agency's judgment is inappropriate." Bowen, 476 U.S. at 480 (quoting Mathews v. Eldridge, 424 U.S. 319, 330 (1976)). Equitable tolling is generally warranted only in "rare and exceptional" circumstances, Molnar v. Legal Sea Foods, Inc., 473 F.Supp.2d 428, 430 (S.D.N.Y. 2007); however, it is "not infrequently appropriate" in cases involving social security benefits because "Congress intended to be unusually protective of claimants in this area." Canales v. Sullivan, 936 F.2d 755, 757 (2d Cir. 1991) (internal quotation marks omitted). Such relief from the statute's time limit is not to be grudgingly granted, because the social security scheme is "unusually protective of claimants." Bowen, 476 U.S. at 480 (quoting Heckler v. Day, 467 U.S. 104, 106 (1984)).

Even if Liranzo cannot rebut the presumption, he argues that the Court should toll the 60-day requirement. The Second Circuit has found equitable tolling warranted in instances where a claimant fails to seek judicial review in a timely manner because of a mental impairment, Canales v. Sullivan, 936 F.2d 755, 758-59 (2d Cir. 1991), or where misleading or covert government action impedes a claimant from pursing the correct judicial avenues. State of N.Y. v. Sullivan, 906 F.2d 910, 917 (2d Cir. 1990).[6] Liranzo does not allege either that the government engaged in improper behavior to deprive him of his right to review, or that he suffers from any mental impairment. He simply asserts that he did not check his mail often enough, that his mail could have been stolen by vandals, and that his alleged physical injuries— which were not caused by or related to any mental deficiency—impaired his ability to walk to the

---

[6] District courts in this Circuit have also found equitable tolling appropriate where: (1) the SSA sent the claimant, who was accustomed to receiving notices from the SSA in Spanish, the Appeals Council's decision in English only, and it took her an additional six days to find an interpreter and legal services, Correa v. Bowen, 682 F.Supp. 755, 757 (S.D.N.Y. 1988); (2) the SSA provided inadequate notice of the procedures that the claimant was required to follow to request an extension of time, Laursen v. Massanari, 164 F.Supp.2d 317, 321 (E.D.N.Y. 2001); and (3) the plaintiff received conflicting information from the court and from an attorney as to the calculation of the deadline for filing in district court. Hernandez v. Sullivan, 1991 WL 243451, *3 (S.D.N.Y. Nov.8, 1991). However, none of these examples are analogous to Liranzo's circumstance.

mailbox. Although Liranzo claims that his ill health prevented him from checking his mail and filing his complaint sooner, "[a]llowing disability claimants who have been denied benefits to toll the 60-day period on the grounds of poor health would thoroughly undermine [section 405(g)'s] sixty-day limitations period." Wong v. Bowen, 854 F.2d 630, 630-31 (2d Cir. 1988). Thus, the Court concludes that equitable tolling is not appropriate on these facts.

Conclusion

Plaintiff's complaint was not commenced within 60 days of receipt of the Appeals Council's letter, and plaintiff has not met his burden of proving any basis for equitable tolling. Accordingly, the Court grants defendant's motion to dismiss. The Clerk of Court shall enter judgment dismissing this action and notify Mr. Liranzo of his right to appeal to the Second Circuit.

SO ORDERED.

Dated: Brooklyn, New York
February 19, 2010

s/Hon. Carol B. Amon
_____
Carol Bagley Amon
United States District Judge